STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. BANSC-CV-18-115

DAWN GOSSON, LAURIE NADEAU, )
and CLAUDIA PHAIR, )
                                      )
                 Plaintiffs           )
                                      )
v.                                    )          ORDER AND JUDGMENT
                                      )
MCKAY SHARED LIVING SERVICES,         )
INC.                                  )
                                      )
                 Defendant            )

Plaintiffs, having moved for default judgment against Defendant, and this Court having heard and duly considered the evidence, does hereby now find, adjudge and order:

1. This matter came forward for hearing on April 10, 2019 on the Complaint and Motion for Default Judgment of Plaintiffs Dawn Gosson, Laurie Nadeau, and Claudia Phair against McKay Shared Living Services, Inc. At that time, the Court found that all parties have received notice of the proceedings in accordance with the applicable provision of the Manie Rules of Civil Procedure and that no party was an infant, incompetent, or in the military service of the United States as defined by the Soldiers & Sailors Relief Act as amended.

2. Present at the hearing were Plaintiffs Dawn Gosson and Claudia Phair. Plaintiff Laurie Nadeau was in Florida at that time and was not at the hearing, though she was available to the Court by telephone. Attorney for the Plaintiffs, Erik M. P. Black, was also present.

3. Defendant McKay Shared Living Services, Inc. did not appear.

4. On April 10, 2019, default was entered on behalf of the Plaintiffs, Dawn Gosson, Laurie Nadeau, and Claudia Phair, against Defendant McKay Shared Living Services, Inc. with regard to both counts of their Complaint in this matter.

1

5. This matter came forward for hearing on Plaintiffs' damages on November 6, 2019. At that time, the Court found that all parties have received notice of the proceedings in accordance with the applicable provision of the ~~Mamie~~ Maine Rules of Civil Procedure.

6. The remedies of both counts of Plaintiffs' Complaint are nearly identical, with the exception that a violation of the first count entitles Plaintiffs to an equal amount of liquidated damages and a violation of the second count entitles Plaintiffs to an amount two times the unpaid wages as damages. The Court is unaware of any law that would allow Plaintiffs a double recovery of both twice the unpaid wages under the second count and the equal amount of liquidated damages under the first count, so the amount of damages will be calculated in accordance with the second count, which include the remedies available under the first count. Both counts allow for the remedies of interest, costs, and reasonable attorneys' fees as provided by law.

7. The Court finds that Plaintiff Gosson is awarded $2,730.00, an additional amount of $5,460.00 as liquidated damages pursuant to 26 M.R.S. § 626-A, plus pre-judgment interest at 4.76% per annum through the date of judgment, post-judgment interest thereafter, $3,556.00 in attorneys' fees, and $74.28 in costs.

8. The Court finds that Plaintiff Nadeau is awarded 12,480.00, an additional amount of $24,960.00 as liquidated damages pursuant to 26 M.R.S. § 626-A, plus pre-judgment interest at 4.76% per annum through the date of judgment, post-judgment interest thereafter, $3,731.00 in attorneys' fees, and $74.27 in costs.

9. The Court finds that Plaintiff Phair is awarded $12,480.00, an additional amount of $24,960.00 as liquidated damages pursuant to 26 M.R.S. § 626-A, plus pre-judgment interest at

2

4.76% per annum through the date of judgment, post-judgment interest thereafter, $3,290.00 in attorneys' fees, and $74.27 in costs.

10. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: **11/6/19**

Justice, Maine Superior Court

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 11/6/19

3